UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-80061-CR-CANNON/REINHART

UNITED STATES OF AMERICA

vs.

JUAN MARTIN RUIZ-FUENTES,
  a/k/a Juan Ruiz,

    Defendant.

## FACTUAL PROFFER

The United States of America and the defendant, Juan Martin RUIZ-FUENTES, hereby agree that, had this case proceeded to trial, the United States would have proved beyond a reasonable doubt the following facts:

On or about February 4, 2021, Juan Martin RUIZ-FUENTES was found in Palm Beach County, in the Southern District of Florida, as the result of a narcotics-related investigation.

A review of the immigration records shows that Juan Martin RUIZ-FUENTES is a native and citizen of Mexico. Records further show that on or about October 27, 2009, Juan Martin RUIZ-FUENTES was ordered removed from the United States, following his felony convictions for burglary of a dwelling, and carrying a concealed firearm. The Order of Removal was executed on or about November 2, 2009, whereby Juan Martin RUIZ-FUENTES was removed from the United States and returned to Mexico.

On February 4, 2021, Juan Martin RUIZ-FUENTES admitted to Border Patrol agents that he was a Mexican nation illegally present in the United States, and that he had been previously removed from the United States.

A records check was performed in the Computer Linked Application Informational Management System to determine if Juan Martin RUIZ-FUENTES filed an application for permission to reapply for admission into the United States after deportation or removal. After a search was performed in that database system, no record was found to exist indicating that Juan Martin RUIZ-FUENTES obtained consent from the Attorney General of the United States or from the Secretary of Homeland Security, for re-admission into the United States, as required by law.

Juan Martin RUIZ-FUENTES further agrees that the elements of the offense 8 U.S.C. §§ 1326(a) and (b)(1) to which he is pleading guilty are:

a. The defendant was an alien at the time stated in the Indictment;

b. The defendant had been removed or deported from the United States;

c. Afterward, the defendant was found to be voluntarily back in the United States;

d. The defendant did not have the consent of the Attorney General or the Secretary of Homeland Security for the United States to apply for readmission to the United States.

Juan Martin RUIZ-FUENTES agrees that the above-listed facts prove each of the essential elements of the offense.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 05/16/22   By: *Rinku Tribuiani*
RINKU TRIBUIANI
ASSISTANT UNITED STATES ATTORNEY

Date: 7-11-22   By: _____
ALLEN KAUFMAN
ATTORNEY FOR DEFENDANT

Date: 7-11-22   By: _____
JUAN MARTIN RUIZ-FUENTES
DEFENDANT